BOARD OF EDUCATION OF DECATUR COUNTY *et al. v.* FREEMAN *et al.*

GEORGE, J. Plaintiffs were residents of Decatur County and patrons of certain public schools of that county. The board of education and the superintendent of the public schools of said county were the defendants. The complaint was that the public-school fund for the use of the white pupils of school age of Decatur county was not equally and ratably apportioned. The sum of six dollars was apportioned to each white pupil, based upon the average attendance of the preceding year. The alleged inequality was brought about by the fact that the board employed assistant teachers where such assistant teachers were required, and allowed such teachers twenty-five dollars per month. The employment of assistant teachers depended upon the enrollment or average attendance during the current year. In no instance did the defendants decline to employ an assistant where one was required by the enrollment or average attendance. The prayers were, for injunction against the paying out of the school fund except upon a fixed basis, or "in one of the manners provided by law," and for general relief. The court directed a verdict for the plaintiffs, and adjudged that the "method and plan of handling the school fund apportioned to Decatur County . . is contrary to law," and enjoined the defendants "from handling or disposing of the public-school funds in any manner other than strictly in accord with the laws of the State of Georgia, which was held to be, either to employ all the teachers in the public schools, or to apportion the funds used for paying the teachers equitably and ratably according to the average attendance or enrollment of the various schools." *Held:*

1. Under the Civil Code, § 1549, which provides that "on the first Tuesday in January in each year, or as soon thereafter as practicable, each county board of education shall meet and make the necessary arrangements for placing the schools in operation for the next school year, and shall have full authority in their discretion either to fix salaries for the payment of teachers, or to pay them according to enrollment or attendance," the county board of education is vested with a broad discretion. The board may fix the salaries for all the teachers; they may pay the teachers according to enrollment; or they may pay the teachers according to attendance. *Webb* v. *Jackson*, 141 *Ga.* 55, 57 (80 S. E. 274). In the apportionment of the fund the board may combine one or more of the methods pointed out, provided that the fund is fairly and reasonably apportioned.

2. The evidence in this case did not authorize the court to direct the verdict for the plaintiffs; and the verdict and decree are not in accordance with the above ruling.

*Judgment reversed. All the Justices concur.*

No. 596. JULY 10, 1918.

Equitable petition. Before Judge Worrill. Decatur superior court. August 31, 1917.

*W. V. Custer,* for plaintiffs in error. *T. S. Hawes,* contra.